**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNABE LOZANO VALVERDE and AGUSTINA MAGDALENA FLORES REBOLLAR, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73065 <br><br> Agency Nos. A097-873-127 <br> A097-873-128 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Bernabe Lozano Valverde and Agustina Magdalena Flores Rebollar, natives

and citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen.  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Petitioners do not raise, and therefore have waived, any challenge to the BIA's dispositive determination that their motion to reopen was untimely. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived). Petitioners' contention that the BIA failed to adequately explain its decision is not supported by the record. *See Najmabadi*, 597 F.3d at 990 (what is required is that the BIA adequately considered evidence and sufficiently announced its decision).

To the extent petitioners challenge the BIA's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction over that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

We lack jurisdiction to consider petitioners' contentions challenging the BIA's September 14, 2006, order denying cancellation of removal because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

14-73065

In light of this disposition, we do not reach petitioners' equal protection claims.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**